UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 11-21287 (ASD) |
| IRENEUSZ GASZTOLD and TERESA GASZTOLD | CHAPTER 7 |
| DEBTORS | RE: ECF NO. 15 |

**BRIEF MEMORANDUM AND ORDER**
**OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION**

Presently before the Court is the *Trustee's Objection to the Debtor's Claim of Exemption* (hereafter, the "Objection"), ECF No. 15, in which the Chapter 7 Trustee (hereafter, the "Trustee") objects to the Debtor Teresa Gasztold's claim of a homestead exemption of $62,950.00 representing the value of her one-half interest in real property received as cash incident to a settlement in a state court divorce proceeding. As briefly explained hereafter the Objection shall be overruled.

**I. PROCEDURAL BACKGROUND**

Ireneusz Gasztold and Teresa Gasztold (herein, the "Debtor-Husband" and "Debtor-Wife," respectively; together, the "Debtors") jointly filed a petition under Chapter 7 of the Bankruptcy Code on April 29, 2011 (hereafter, the "Petition Date"). The Debtors, in their Schedule A (Real Property) listed as an asset their jointly owned, unencumbered marital residence (hereafter, the "Property"), valued at $125,900.00; in their Schedule C (Property Claimed as Exempt), the Debtors claimed a homestead exemption in the Property totaling $125,900.00 pursuant to Conn. Gen. Stat. §52-352b(t).

On July 27, 2011, the Debtor-Wife filed her *. . . Response to Trustee's Objection to Debtor's Claim of Exemption* (hereafter, the "Response"), ECF No. 21. That same day the Trustee filed her *. . . Reply to Debtor's Response to Trustee's Objection to the Debtor's Claim of Exemption* (hereafter, the "Reply"), ECF No. 23. The Court held a nonevidentiary

hearing on July 28, 2011 (hereafter, the "Hearing") and took the matter under advisement subject to the opportunity to file post-hearing memoranda. On August 5, 2011, Debtor-Wife filed a *. . . Supplemental Response to Trustee's Objection to Debtor's Claim of Exemption*, ECF No. 31.

## II. FACTUAL BACKGROUND

The relevant facts are quite simple, not in dispute, and are summarized as follows. Following the Petition Date, specifically on May 18, 2011, the Debtors were divorced. The property settlement under the state court's *Judgment of Dissolution* provided that the Debtor-Husband would obtain financing and pay the Debtor-Wife $62,950.00, the value of her one-half interest in the Property; and the Debtor-Wife would quitclaim her interest in the Property to the Debtor-Husband.

## III. DISCUSSION

In her Objection, the Trustee relies on *In re Kujan*, 286 BR. 216 (Bank. D.Conn. 2002), as support for her argument that the Debtor-Wife is not entitled to her claimed homestead exemption "to the extent that she intends to apply said exemption to the proceeds of the homestead that will fund the property settlement." Objection, ¶7. In *Kujan*, Chief United States Bankruptcy Judge Lorraine Murphy Weil discussed the three requisites for real property to constitute an individual's statutory homestead under Connecticut law.

> The first step in the analysis is to determine whether, as of the Petition Date, the Debtor had an exemptible interest in the alleged homestead Property itself.
>
> Section 52–352b of the Connecticut General Statutes provides in relevant part as follows: "The following property of any natural person shall be exempt: ... [t]he homestead of the exemptioner ...." Conn. Gen.Stat. Ann. § 52–352b(t) (West 2002). "Homestead" is defined in Section 52–352a of the Connecticut General Statutes in relevant part as follows: " 'Homestead'

2

means owner-occupied real property ... used as a primary residence." Conn. Gen.Stat. Ann. § 52–352a(e) (West 2002). Thus, there are three requisites for real property to constitute an individual's statutory homestead. First, the individual must "own[ ]" the subject real property within the meaning of Section 52–352a as of the relevant time. Second, the individual must "occup[y]" the subject real property within the meaning of Section 52–352a as of the relevant time. Third, the subject real property must be "used as a primary residence" within the meaning of Section 52–352a as of the relevant time.

In re Kujan, 286 BR. at 220-221 (footnote omitted).

Where, as here, the Debtor-Wife, as of the Petition Date, was entitled to the homestead exemption she claimed in her then-owned, and occupied primary residence, the analysis is complete. The relevant facts in Kujan are clearly distinguishable from those of the present case. In Kujan, the debtor was divorced pre-petition; at the time she filed her petition, she did not own the property at issue, did not occupy it, and did not use it as a principal residence.[1]

Entitlement to an exemption is determined as of the Petition Date, and the Debtor-Wife's claimed Connecticut homestead exemption satisfies the requirements therefor, in accordance with which the Trustee's Objection is **OVERRULED.**

**IT IS SO ORDERED**.

Dated: August 15, 2011                                            BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge

---

[1] Cases cited by the Trustee in her Reply in support of the argument that a post-petition change in ownership of the property may cause a debtor to lose her exemption are inapposite to the present case; all concerned property that had been held by a debtor and ex-spouse as tenants in the entireties - a form of title not permitted under Connecticut law and governed by §522(b)(3)(B), rather than §522(b)(3)(A).

3