UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-21287 |
| | ) | |
| IRENEUSZ GASZTOLD and | ) | |
| TERESA GASZTOLD, | ) | CHAPTER 7 |
| | ) | |
| DEBTORS | ) | RE: ECF NO. 32 |

**BRIEF MEMORANDUM AND ORDER ON TRUSTEE'S MOTION
TO COMPEL FILING OF SUPPLEMENTAL SCHEDULE**

**I.    BACKGROUND**

Ireneusz Gasztold and Teresa Gasztold (hereinafter,"Ireneusz" and "Teresa," respectively; together, the "Debtors") jointly filed a petition under Chapter 7 of the Bankruptcy Code on April 29, 2011.  The Debtors, in their Schedule A (Real Property) listed as an asset their jointly-owned residence (hereafter, the "Property"), valued at $125,900 and not subject to any mortgages;  in their Schedule C (Property Claimed as Exempt), the Debtors each claimed a homestead exemption, under Conn. Gen. Stat. §52-352b(t), of $62,950, the value of his or her one-half ownership interest in the Property.

On May 18, 2011, the Debtors were divorced.  The property settlement under the state court's *Judgment of Dissolution* (hereinafter, the "Divorce Decree") provided that Ireneusz would obtain financing and pay Teresa $62,950, the value of her one-half interest in the Property; and Teresa would quitclaim her interest in the Property to Ireneusz.[1]  The property settlement further provides that, if Ireneusz is unable to obtain financing, the

---

[1]   The Court previously entered an *Order Overruling Trustee's Objection to Exemption* (hereinafter the "Exemption Order"), ECF No. 37, upholding Teresa's claim of exemption in her ownership interest in the Property as of the Petition Date.

Debtors will sell the Property and divide the proceeds equally.

Presently before the Court is the Trustee's *Motion to Compel Filing of Supplemental Schedule* . . . (hereinafter, the "Motion"), ECF No. 32, contending that:

> 6.  The judgment was entered post petition and within 180 days of the filing of the bankruptcy petition. The resulting property settlement in favor of Teresa Gasztold is property of the bankruptcy estate pursuant to 11 U.S.C. Section 541(a)(5)(B) which captures property acquired by the Debtor as the result of a property settlement agreement with the Debtor's spouse or of an interlocutory or final divorce decree.
> 7.  Federal Rule of Bankruptcy Procedure 1007(h) requires the filing of a supplemental schedule regarding interest acquired or arising after the filing of the petition. Pursuant to Rule 1007(h), a supplemental schedule must be filed within 14 days after the information comes to the Debtor's knowledge or within such further time as the Court may allow.

*Motion*, ECF No. 32 at ¶¶ 6,7. The Court, on September 1, 2011, held a hearing on the Motion, after which it took the matter under advisement.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant case by virtue of 28 U.S.C. §1334(a); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2).

## III.    DISCUSSION

Section 541(a)(5) states, in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> . . .
>> (5) Any interest in property that *would have been* property of the estate *if* such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor *acquires or becomes entitled to acquire* within 180 days after such date--
>> . . .
>>> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree;.
>> . . .

11 U.S.C. §541 (emphasis added).

The Trustee's argument that the $62,950 Teresa is to receive pursuant to the Divorce Decree is property of the estate under §541(a)(5)(B) overlooks the fact that such sum is not a new asset *acquired* by Teresa, but is the proceeds of her exempt interest in the Property which had already been included in the property of the estate and subsequently was withdrawn therefrom. Property exempted from the estate does not subsequently reenter the estate as a result of having changed form, notwithstanding that the form to which it was converted might not be entitled to an exemption under state law.

> The majority of courts, however, hold that a postpetition change in the character of property properly claimed as exempt will not change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact. Peterson, 897 F.2d at 937 (debtor's postpetition death did not cause his homestead exemption to lapse); Payne, 775 F.2d at 204 (insurance proceeds of destroyed exempt property did not become property of the estate); Lasich v. Estate of A.N. Wickstrom (Matter of Wickstrom), 113 B.R. 339, 343–44 (Bankr. W.D.Mich.1990) (debtor's postpetition death did not cause exempt worker's compensation proceeds to lapse); In re Whitman, 106 B.R. 654, 656–57 (Bankr. S.D.Cal.1989) (conversion of homestead to proceeds postpetition does not cause proceeds to become property of the estate); In re Harlan, 32 B.R. 91, 92–93 (Bankr. W.D.Tex.1983) (same). The thrust of these cases is that property which is deemed to be exempt is deemed, as of that point, no longer to be property of the estate, so that its subsequent transformation does not restore it to the estate. See Owen v. Owen, 500 U.S. 305, 307–08, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991)

("[a]n exemption is an interest *withdrawn* from the estate (and hence its creditors) for the benefit of the debtor") (emphasis added).
. . . .
We join the majority of courts that have ruled on this issue, concluding that a postpetition transformation of exempt property into a form of property which would not be exempt under state law does not return the property to the estate. FN7

> FN7. It is important to note here that the court is not holding that the proceeds of the disposition of exempt property are therefore also "exempt." When a debtor claims exemptions under state law, only state law controls whether a given property is "exempt." Our holding is only that, *under bankruptcy law*, if a given property owned by the debtor as of the filing is deemed to be exempt, the property is removed from the estate. It is no longer property of the estate. The [subsequent] conversion of that property into some other form which, under applicable law, would not be exempt will not restore the property to the estate, but that is not the same as saying the property as transmogrified is still exempt [under state law].

*In re Reed*, 184 B.R. 733, 737 - 738 (Bankr. W.D.Tex. 1995) (emphasis added); *See also, In re Leung*, 385 B.R. 489, 493 -494 (Bankr. D.Mass. 2008) (where "value of the exemption exceeded or equaled the value of the asset," the asset is withdrawn from the property of the estate and "cannot be used to satisfy a pre-petition claim even if the asset upon which the exemption is imposed is transformed into cash."); *In re Street*, 395 B.R. 637, 647 (Bankr. S.D.Ohio 2008) (payments, under postpetition divorce decree, to debtor-wife in return for transfer to debtor-husband of wife's exempt interest in homestead were exempt, notwithstanding the "postpetition change in the form of exempt property.").

Bankruptcy Code §522(c) states, in relevant part:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case [subject to certain enumerated exceptions not applicable hereto].

The Connecticut exemption statute initially determines whether a debtor's interest in property, as of the Petition Date, is exempt. Once property has been exempted, however, §522(c) of the Bankruptcy Code, not the state-law exemption statute, protects it from the claims of prepetition creditors.

### IV.    CONCLUSION AND ORDER

Teresa's interest in the Property was properly scheduled in her bankruptcy petition and became property of her estate as of the Petition Date, subject to her claim of exemption therein. In the Exemption Order, the Court held that Teresa was entitled to such exemption, resulting in her interest in the Property being withdrawn from the estate for her postpetition use and benefit. Under the terms of the post-petition Divorce Decree, Teresa is to transfer her interest in the Property (a post-petition asset not subject to the claims of her prepetition creditors), valued at $62,950 to Ireneusz in return for a payment of the same amount, which he is to provide by obtaining post-petition financing. The property settlement in the Divorce Decree affects the form of the Debtors' post-petition assets and liabilities, but not the net values thereof. Moreover, it involves no property subject to the claims of prepetition creditors. As with any post-petition sale of an exempt asset, the exchange under the Divorce Decree effected only a post-petition change in the form of an already exempt asset. The proceeds themselves need not be in a form that would have been exempt under Connecticut law.

In light of the foregoing discussion, the Court concludes that Teresa has not become entitled to *acquire* any additional property as a result of the Divorce Decree. The payment she is to receive, pursuant to the Divorce Decree, in return for her interest in the Property does not become property of the estate under §541(a)(5)(B). Accordingly,

5

**IT IS HEREBY ORDERED that** the Motion is **DENIED**.

Dated: October 25, 2011 BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge